MAILED TO COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ARNOLD REEVES,                      :
                                    :      96 Cr. 325 (LAP)
                    Petitioner,     :
                                    :      MEMORANDUM AND ORDER
          - v. -                    :
                                    :
UNITED STATES OF AMERICA,           :
                                    :
                    Respondent.     :
------------------------------------x

LORETTA A. PRESKA, Chief United States District Judge:

On June 20, 2010,[1] Petitioner Arnold Reeves filed a motion titled "Court Lacked Jurisdiction to Sentence Defendant under [I]llegal Sentence of 851 In Violation of the 5th[,] 8th and 14th Amendment[s] of the U.S. Constitution" ("Pet. Motion") [dkt. no. 112]. For the following reasons, the motion is DENIED.

## BACKGROUND

This motion is the latest in a string of filings made to this Court since the judgment was filed in this case on April 17, 2000, over a decade ago. The procedural history is recounted in depth in this Court's order of October 3, 2008, which denied a similar motion. See Reeves v. United States, No.

---

[1] The motion was dated June 14, 2010 and the attached "Affidavit of Service" specified that the papers were placed in the institutional mailbox for service via the U.S. Postal Service on June 20, 2010. Pro se filings of prisoners are deemed filed the date the inmate delivers it to prison officials for transmittal to the court. Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001).

96-CR-325, 2008 WL 4921764, at *1 (S.D.N.Y. Oct. 3, 2008). To summarize, the Government filed a two-count indictment against Petitioner on May 2, 1996 charging him with (1) participation in a conspiracy to distribute and to possess with intent to distribute phencyclidine (commonly known as "PCP") and (2) possession of approximately $1.4 million worth of real and personal property acquired through the drug conspiracy. The Government also filed an information pursuant to 21 U.S.C. § 851(a)(1) outlining a prior New York State narcotics felony for which the Defendant was convicted and sentenced to a term of one to three years of immurement.

After pleading guilty to the first count and agreeing to forfeit the property referenced in the second, Petitioner challenged the government's refusal to provide a letter indicating that Reeves provided substantial assistance to the government, see U.S.S.G. § 5K1.1, and its refusal to move under 18 U.S.C. § 3553(e) for a downward sentencing departure, again relying on his claimed substantial assistance in the investigation. This motion was denied after extensive hearings, and the Second Circuit affirmed. Reeves v. United States, 296 F.3d 113 (2d Cir. 2002).

In October 2002, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel in drafting the cooperation agreement that

2

Petitioner claims should have entitled him to a downward departure in his sentence. Reeves, No. 96-CR-325, 2008 WL 4921764, at *1. In January 2004, he moved to amend this petition, twice, and made a third filing alleging, inter alia, that his sentence should be vacated based on "newly-discovered evidence," perjury, and police misconduct. Id. In January 2005, he filed a motion attempting to amend the habeas petition by adding claims that the weight of the drugs, and thus the duration of the mandatory minimum sentence applicable, was less than the government had proven, and that counsel was ineffective in not challenging this point. Id.

In August 2008, Petitioner filed a motion — it is unclear whether it was a successive habeas petition — claiming that new case law entitled him to a sentence reduction below the mandatory minimum. Id. All of these motions were denied in their entirety. The authority by which Reeves's present motion is made is unclear, although it appears he is again making a petition for habeas-type relief.

## DISCUSSION

Petitioner's present motion argues that the sentencing enhancement pursuant to 21 U.S.C. § 841(b)(1)(A) was improperly applied to him because his prior state conviction did not qualify as a "felony drug offense" as defined in 21 U.S.C. § 802(44). (Pet. Motion at 1 ("[T]he Government has [not]

3

[p]roved beyond a reasonable doubt that Mr. Reeves has a Prior State Conviction that qualifies as a [p]rior 'Felony drug offense' [and thus] [t]he Government [m]isapplied the 851 [e]nhancement to Reeves."))  This claim has already been made and rejected.  Reeves, No. 96-CR-325, 2008 WL 4921764, at *3 ("Petitioner was convicted twice in New York of the criminal sale of a controlled substance in the third degree and sentenced to a term of one to three years for each conviction. Both . . . qualify as 'felony drug offenses' under § 802(44). Accordingly, the Court properly imposed sentence pursuant to §§ 841(a) and 841(b)(1)(A)." (internal citations omitted)); see also Burgess v. United States, 553 U.S. 124, 127 (2008) (holding that state drug offenses punishable by more than one year qualify as "felony drug offense[s]" for purposes of § 841(b)(1)(A), regardless of state classification of the offense).  Because this motion raises a claim that has already been decided, the motion is denied.  See Green v. United States, 397 F.3d 101, 102 n.1 (2d Cir. 2005) (per curiam) ("[Claim] must be dismissed as it was previously adjudicated on the merits in his first Section 2255 petition.").

Furthermore, even if Petitioner's claim could be considered to be distinct from any of the claims presented to this Court in the numerous motions and filings he has made, this claim would be denied because this motion effectively would be a disallowed

4

second or successive habeas petition, see id. at 102, and this claim also would be procedurally barred, see DeJesus v. United States, 161 F.3d 99, 102 (2d Cir. 1998).

Petitioner attempts to circumvent the rule against second or successive habeas petitions by claiming there is "newly discover [sic] evidence to address the issue of whether an enhancement . . . [a]pplied [i]n his case." (Pet. Motion at 1.) Second or successive petitions are accepted only when (1) a new rule of constitutional law has been created by the Supreme Court and made retroactive to cases on collateral review or (2) when the factual predicate to the underlying offense could not have been discovered with due diligence, and the facts would be sufficient to show that no reasonable factfinder could have found the defendant guilty. See Green, 397 F.3d at 102 & n.1. Petitioner cites three Supreme Court cases, none of which announces a new rule of constitutional law that would apply to him. (Pet. Motion at 1 (citing Begay v. United States, 553 U.S. 137 (2008); Shepard v. United States, 544 U.S. 13 (2005); Taylor v. United States, 495 U.S. 575 (1990)).) Nor does Petitioner set forth any new facts, contrary to his claim that his motion rests on "newly discover[ed] evidence." (Id.) Rather, Petitioner merely conducts his own independent analysis of the case law and concludes that he should be "immediately release[d]." (Id. at 5.)

Moreover, the claim that his prior state conviction did not fall within the statutory definition of a "felony drug offense" would be procedurally barred because Petitioner did not raise it at trial, on appeal, or in any of the motions he has filed to this Court, and he shows neither cause for the default, nor prejudice resulting therefrom. See DeJesus, 161 F.3d at 102 (cause and prejudice test applies to § 2255 habeas petitions); see also Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 169 (1982).

## CONCLUSION

For the foregoing reasons, Petitioner's motion [dkt. no. 112] is DENIED. Petitioner's subsequent motion for determination of status [dkt. no. 113] is denied as moot.

SO ORDERED:

DATED:   New York, New York
         September 22, 2010

_____
LORETTA A. PRESKA, Chief U.S.D.J.